I must respectfully dissent, for I believe a grave injustice has been done to the complaining parties herein. It is well-settled law in Ohio that when the parties to a contract agree, in writing, to submit their differences to arbitration, such an agreement will be enforced by the courts. The logic is unassailable. If a dispute can be resolved without the cost and delay of court action, all parties benefit.
Before such an agreement can be enforced, however, there must be a meeting of the minds, for the agreement to arbitrate is nothing more than a contract between the parties. In this lawsuit, the record is clear that on the day of the signing of the contract, or the day the minds were at least theoretically in agreement, there was no arbitration contract agreed upon. The record before the trial court is clear that some eighty-two days later appellants received a limited warranty which included an arbitration clause. As stated by the Supreme Court of Ohio, "an arbitration clause in a contract is generally viewed as an expression that the parties agree to arbitrate disagreement within the scope of the arbitration clause * * *." Williams v. Aetna Fin. Co. (1998),83 Ohio St.3d 464.
In their complaint, appellants essentially allege that the builder has breached his duty to build them a house in a timely fashion. Such an allegation, if believed, has absolutely nothing to do with the quality of the structure. While there may be questions of quality to be determined, the reality is that the real issue before the trial court was for breach of the overall contract of construction. It is wholly improper to force appellants to submit that question to an arbitrator when there is no evidence they agreed to do so ab initio. The matter should be